UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                            Criminal Case No. 17-20278

Antoine Richard Woods,
                                            Sean F. Cox
    Defendant.                   United States District Court Judge

_____/

## **OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS**

This matter is before the Court on Defendant's Motion to Suppress (Doc. # 26). The Court held a hearing on this motion on October 20, 2017. For the reasons below, the Court concludes that the police did not violate the Fourth Amendment when they initiated a consensual police-citizen encounter. Therefore, the Court shall DENY Defendant's motion.

## BACKGROUND

Defendant Antoine Woods is charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On September 1, 2017, Defendant filed a Motion to Suppress (Doc. # 26). The Government has responded to his motion (Doc. # 28).

The parties do not dispute the pertinent facts. Two Detroit Police officers were on patrol when they observed Defendant and a passenger sitting in a lawfully parked vehicle. Due to the vehicle's close proximity to a bar, the officers decided to conduct a welfare check and pulled alongside Defendant's vehicle. The officers did not exit the car, activate their emergency lights, draw their weapons, or give any commands or orders. One officer, Officer Kue, gestured to Defendant to roll down his window and, when he did, asked what he was doing. Immediately

thereafter, the officers smelled a strong odor of marijuana emanating from the vehicle.

Officer Kue illuminated Defendant with his flashlight and observed him moving his hands towards the floor of the vehicle. Based on his training and experience, Officer Kue believed Defendant was hiding contraband. The officers had Defendant exit the vehicle. When he did so, the officers saw a black handgun on the floor where Defendant had been seated. The officers also recovered two bags of marijuana from the center cup holder.

## ANALYSIS

There are three types of permissible encounters between the police and citizens: "(1) the consensual encounter, which may be initiated without any objective level of suspicion; (2) the investigative detention, which, if non-consensual, must be supported by a reasonable, articulable suspicion of criminal activity; and (3) the arrest, valid only if supported by probable cause." *United States v. Avery*, 137 F.3d 343, 352 (6th Cir. 1997). The parties agree that the issue here is whether the officers initiated a consensual encounter or an investigative detention when they approached Defendant's vehicle and engaged him in conversation.

"[L]aw enforcement officers may approach an individual and ask general questions without having any reasonable suspicion of criminal activity, so long as the officers refrain from the type of intimidating behavior that would lead a reasonable person to believe that the person was not free to leave." *United States v. Waldon*, 206 F.3d 597, 603 (6th Cir. 2000). A police-citizen interaction changes from a consensual encounter to a seizure "only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. Mendenhall*, 446 U.S. 544, 554; 100 S.Ct. 1870; 64 L.Ed.2d 497 (1980). Circumstances that might indicate a seizure include "the threatening presence of several

2

officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled." *Id*.

Here, the officers approached Defendant's vehicle, gestured to him to roll down the window, and asked him a question. The simple act of pulling next to a vehicle where a citizen is lawfully present does not constitute a seizure. Otherwise all police-citizen encounters would be seizures. *See Terry v. Ohio*, 392 U.S. 1, 19 n. 16; 88 S.Ct. 1868; 20 L.Ed.2d 889 (1968) ("[N]ot all personal intercourse between policemen and citizens involves 'seizures' or persons."). Instead, the Court must assess whether, under the totality of the circumstances, a reasonable person would have believed he was not free to leave.

The officers did not activate their emergency lights, act in a threatening manner, display a weapon, or physically touch Defendant. The officers also parked their car without blocking Defendant's egress. *See United States v. Dingess*, 411 Fed. App'x. 853, 856 (6th Cir. 2011) (consensual encounter when the officers parked their car without blocking the defendant's egress and approached the defendant to initiate conversation). The totality of the circumstances indicate that the officers merely approached Defendant to ask him questions. Under these circumstances, a reasonable person would believe that he was free to leave. The Sixth Circuit has repeatedly held that similar police-citizen interactions are consensual encounters, not seizures. *See, e.g., United States v. Foster*, 376 F.3d 577, 584 (6th Cir. 2004) (consensual encounter when officer asked the defendant his name, what he was doing there, and whether he had any identification on him); *Waldon*, 206 F.3d at 603-04 (consensual encounter when the officer approached the defendant and asked him what he was doing in the area); *United States v.*

*Matthews*, 278 F.3d 560, 562 (6th Cir. 2002) (the defendant was not detained when the officer yelled "Hey buddy, come here."). And although Defendant argues that he interpreted the officer's gesture for him to open the window as a demand, this gesture, absent other indicia of coercion, did not transform the consensual encounter into a seizure. *See United States v. Falls*, 553 Fed. App'x 505, 508 (6th Cir. 2013) (holding the officer's "use of the words 'stop' and 'come here,' without any other evidence of coercion, did not convert the consensual encounter into a seizure."). Therefore, the Court concludes that the initial interaction between Defendant and the officers was a consensual encounter for which reasonable suspicion was not required.

The final question is whether reasonable suspicion and probable cause existed for the subsequent seizure and search of Defendant. *See United States v. Crumb*, 287 Fed. App'x. 511, 513 (6th Cir. 2008). The Sixth Circuit has consistently held that the smell of marijuana, by itself, is sufficient to provide probable cause to lawfully search a vehicle. *Id*. at 514 (citing cases); *see also United States v. Simpson*, 520 F.3d 531, 543 (6th Cir. 2008) (stating that the odor of marijuana provided reasonable suspicion to detain a vehicle). When Defendant rolled down his window, the officers immediately smelled a strong odor of marijuana emanating from the vehicle. At that moment, the officers had reasonable suspicion to detain Defendant and probable cause to search his vehicle. Their search, which yielded a firearm, did not violate the Fourth Amendment.

For the reasons above, the Court concludes that the police-citizen encounter here did not violate the Fourth Amendment. Therefore, the Court DENIES Defendant's Motion to Suppress.

IT IS SO ORDERED.

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: October 23, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                           Criminal Case No. 17-20278

Antoine Richard Woods,
                                              Sean F. Cox
    Defendant.                     United States District Court Judge

_____/

PROOF OF SERVICE

    I hereby certify that a copy of the foregoing document was served upon counsel of record on October 23, 2017, by electronic and/or ordinary mail.

                                              s/Jennifer McCoy
                                              Case Manager